**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 17-1903

———————

CEDRIC GALETTE,
                                    Appellant

v.

COMMISSIONER SOCIAL SECURITY

————————————————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-15-cv-05636)
District Judge:  Honorable Eduardo C. Robreno

————————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 1, 2017
Before:  RESTREPO, SCIRICA and FISHER, Circuit Judges

(Opinion filed:  September 13, 2017)

———————

OPINION*

———————

PER CURIAM

        Cedric Galette appeals from the District Court's order affirming the Commissioner

———————

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

of Social Security's denial of his application for disability benefits. We will affirm.[1]

I.

Galette applied for disability benefits in 2013 alleging that a number of conditions rendered him disabled beginning on March 6, 2013. Those conditions were of two kinds. First, Galette claimed to suffer disabling weakness and pain associated with various physical injuries. Second, he claimed to suffer from disabling mental illnesses, including anxiety and bipolar disorders. The Social Security Administration denied his application.

Galette then appealed to an Administrative Law Judge ("ALJ"). Galette apparently retained counsel in connection with his initial application, but he ultimately proceeded before the ALJ with the assistance of a non-attorney representative. The ALJ received evidence, held a hearing, and found that Galette was not disabled during the relevant time.

In doing so, the ALJ applied the five-step, sequential evaluation process that governs disability determinations. See Zirnsak v. Colvin, 777 F.3d 607, 611-12 (3d Cir. 2014). The ALJ ultimately concluded that Galette was not disabled as defined by 42 U.S.C. § 423(d) because he was capable of engaging in other "substantial gainful work

---

[1] After the briefing schedule issued, Galette filed a document docketed as a document in support of his appeal. He later filed a motion requesting that we treat that document as his brief. The Commissioner does not object and instead has filed a response brief. Galette's motion is granted, and we will treat the documents docketed on June 5 and July 10, 2017, as his brief. Galette also has filed a motion for appointment of counsel on appeal. That motion is denied because, inter alia, it does not identify any potentially meritorious issue and our review reveals none. See Tabron v. Grace, 6 F.3d 147, 155-57 (3d Cir. 1993). Thus, this appeal is fully briefed and is ripe for disposition.

which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). The ALJ made that determination after reviewing Galette's medical records at length and receiving the testimony of a vocational expert, who opined that someone with Galette's limitations could perform sedentary work with appropriate accommodations in occupations such as an addresser, sorter, or stuffer. Galette appealed through counsel to the Appeals Council, which rejected his appeal. With that decision, the Commissioner's denial of benefits became final.

Galette then filed pro se this civil action seeking review of the Commissioner's decision. The Commissioner moved for summary judgment, and the District Court granted it and affirmed the Commissioner's denial of benefits. Galette appeals pro se.[2]

## II.

As the District Court explained, Galette's filings in the District Court did not raise any specific challenge to the ALJ's decision. The District Court nevertheless reviewed the record and concluded that it supported the ALJ's determinations. We have done the same and reach the same conclusion, largely for the reasons that the District Court

---

[2] The District Court had jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g), and we have jurisdiction under 28 U.S.C. § 1291. Like the District Court, we review the ALJ's decision under the deferential substantial evidence standard. See Zirnsak, 777 F.3d at 610-11. After the District Court entered judgment, Galette filed a motion for reconsideration and the District Court denied it. That ruling is not before us because Galette did not file another notice of appeal, see Fed. R. App. P. 4(a)(4)(B)(ii), and his time to do so has expired, see Fed. R. App. P. 4(a)(1)(B). We note, however, that the document in support of Galette's appeal that we are treating as part of his brief appears to be a duplicate copy of his motion for reconsideration that he filed simultaneously with this Court.

3

explained.  We will briefly address three issues that Galette raises on appeal.

First, Galette argues that the "state rep," by whom he appears to mean the vocational expert, testified at the hearing that there were 500 jobs available but then, on questioning from Galette's representative, admitted that she had not been aware of his psychological condition and that it would prevent him from doing those jobs.

This argument misstates the record and does not otherwise provide any basis for relief.  The vocational expert testified that there were positions available to someone with Galette's limitations, including approximately 490 local positions for a sorter.  (R.60; ECF No. 8-2 at 61.)  Galette's representative later questioned her about a psychological report admitted as Exhibit 54F (R.803-06; ECF No. 8-12 at 55-58), which stated that Galette's psychological ability to perform work-related activities was markedly impaired.  (R.61-62; ECF No. 8-2 at 62-63.)  The vocational expert agreed that, considering only that report, those impairments would prevent Galette from performing any available work.  (Id.)

The ALJ, however, found that report unpersuasive and gave it little weight.  The report is signed by Dr. Altaf F. Kasmani, who treated Galette for his mental illnesses.  The report is titled "medical source statement of ability to do work—related activities (mental)."  It provides boxes to check regarding any impairments on a person's ability to perform various work-related activities, and the boxes for "marked" impairment are checked for all of them.  The report also contains brief fill-in-the-blank sections identifying the factors supporting those conclusions.

As we have explained, forms that "require[] the physician only to check boxes and briefly to fill in blanks . . . are weak evidence at best." Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993). In this case, the ALJ gave the report little weight because she concluded that it conflicted with Dr. Kasmani's actual treatment notes, the most recent of which before the report stated that Galette was "stable on current [medication] management" (R. 741; ECF No. 8-11 at 56), and none of which mentioned panic attacks that are referenced in the report. The ALJ also explained that she found more persuasive the assessment of a State agency psychological consultant who concluded that Galette had only moderate psychological limitations. (R.72-76; ECF No. 8-3 at 10-14.) Galette has not argued that the ALJ erred in giving little weight to Dr. Kasmani's report, and we cannot say that she was required to accept it at face value under these circumstances. See 20 C.F.R. § 404.1527(c)(2); Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001).

Second, Galette argues that the ALJ's conclusion that he could perform the jobs referenced above was speculative because he is not trained to do and has never done those jobs. The ALJ, however, appropriately grounded that conclusion both in Galette's medical records and the vocational expert's testimony. In doing so, the ALJ appropriately accounted for Galette's physical limitations by limiting him to sedentary work with various other restrictions, and she appropriately accounted for his psychological limitations by limiting him to simple routine and repetitive tasks with limited personal interaction. (R.24; ECF No. 8-2 at 25.) Galette does not argue that those limitations are inadequate and has not otherwise raised anything else calling the

5

ALJ's assessment into question.

Finally, Galette argues that the District Court should have granted the motion for appointment of counsel that he filed at ECF No. 6. Our review does not reveal any ruling on that motion, though the District Court may have addressed it at a hearing that it held, which has not been transcribed. In any event, this issue does not require remand. Galette's motion for counsel did not make any showing on the relevant factors except to list the disabilities he claims and to assert the first argument addressed above, which we have rejected. See Tabron, 6 F.3d at 155-57. Our review also does not suggest any potentially meritorious issue that counsel could have helped Galette pursue in the District Court. To the contrary, Galette's motion, like many of his other filings, was devoted largely to disputes with his former wife regarding child custody and other matters that are not relevant to this disability benefits proceeding.

### III.

For these reasons, we will affirm the judgment of the District Court. For the reasons explained in note 1, supra, Galette's motion to treat as his appellate brief the document docketed on June 5, 2017, is granted, and his motion for appointment of counsel on appeal is denied.

6